UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FALL LINE TREE SERVICE, INC., <br><br> Debtor, <br><br> FALL LINE TREE SERVICE, INC., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> DICK YOST YAGHLEGIAN, et al., <br><br> Defendants-Appellees. | No. 2:23-cv-00470-DAD <br><br> ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF AND ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED DUE TO PLAINTIFF'S FAILURE TO PROSECUTE <br><br> (Doc. No. 7) |
| OFFICE OF THE U.S. TRUSTEE (SAC) <br><br> Trustee | |

This matter is before the court on the motion to withdraw as plaintiff-appellant Fall Line Tree Service, Inc.'s counsel of record filed by attorney Galen Micah Gentry on December 27, 2023. (Doc. No. 7.) For the reasons explained below, the court will grant the motion to withdraw as counsel and set a deadline for plaintiff-appellant to retain new counsel in order to proceed with this appeal or file a notice of dismissal of this action. In addition, because plaintiff-appellant has failed to timely file its opening brief in this bankruptcy appeal, the court will also order plaintiff-appellant to show cause why this action should not be dismissed due to its failure to prosecute.

/////

1

# BACKGROUND

On March 13, 2023, plaintiff-appellant filed a notice of bankruptcy appeal initiating this action pursuant to 28 U.S.C. § 158 and Rule 8003 of the Federal Rules of Bankruptcy Procedure. (Doc. No. 1.) Specifically, plaintiff-appellant appeals the Supplemental Findings and Judgment issued on February 12, 2023 by the bankruptcy court in *Fall Line Tree Service, Inc. v. Yaghlegian, et al.*, No. 20-02128, Doc. No. 169, (Bankr. E.D. Cal. Feb. 12, 2023), an adversary proceeding associated with plaintiff-appellant's bankruptcy petition in *In re Fall Line Tree Service, Inc.*, No. 20-21548. (*Id.* at 3.)

On July 28, 2023, the certificate of record was issued by the clerk of the bankruptcy court and received by the clerk of this district court, and a briefing schedule for this appeal was issued. (Doc. No. 3.) Pursuant to that briefing schedule, plaintiff-appellant's opening brief was due by September 8, 2023. (*Id.*) However, plaintiff-appellant requested an extension of time in which to file its opening brief (Doc. No. 4), and the court granted that request, extending the deadline to October 27, 2023 (Doc. No. 6). Plaintiff-appellant did not file an opening brief nor request another extension of time in which to do so.

On December 27, 2023, attorney Gentry, counsel of record for plaintiff-appellant in this action and in the bankruptcy action, filed the pending motion to withdraw as counsel of record for plaintiff-appellant. (Doc. No. 7.) That same day, attorney Gentry also filed motions to withdraw as counsel of record for debtor and plaintiff Fall Line Tree Service, Inc. in the bankruptcy action and adversary proceeding. (*See* Doc. No. 190 in Adversary Proceeding, No. 20-02128; Doc. No. 226 in Bankruptcy Action, No. 20-21548.) In the pending motion filed in this action, attorney Gentry explains that plaintiff-appellant Fall Line Tree Service, Inc., through its principals Ashley Nichols and Steve Nichols, terminated his representation in this action and in the bankruptcy proceedings. (Doc. No. 7 at 1–2.) In particular, attorney Gentry refers to a *pro se* filing by plaintiff-appellant in the adversary proceeding, in which plaintiff-appellant filed a copy of a letter dated October 24, 2023 addressed to attorney Gentry informing him that their attorney-client relationship is terminated immediately and stating that "we are deciding to not move forward with the appeal because we do not believe it will be a successful route, and we do not

1   have the funds necessary to continue fighting for what we believe has already been ruled upon."
2   (*Id.*) (citing Doc. No. 189 in Adversary Proceeding, No. 20-02128).  In the declaration attorney
3   Gentry filed in support of the pending motion, attorney Gentry explains that on or around October
4   31, 2023, he spoke on the phone with Ms. Nichols about the termination letter and explained to
5   her that corporations cannot represent themselves in court, and she told him that she and her
6   husband Mr. Nichols were looking for a new attorney to represent Fall Line Tree Service, Inc.
7   (Doc. No. 7-1 at ¶ 3.)  To date, Fall Line Tree Service, Inc. has not retained counsel to represent it
8   in this action or the bankruptcy proceedings.
9       In the pending motion, attorney Gentry states that plaintiff-appellant's physical address is
10  3542 Lake Tahoe Blvd., South Lake Tahoe, CA 96150, and its mailing address is P.O. Box
11  19816, South Lake Tahoe, CA 96151.  (*Id.* at ¶ 7.)  Attorney Gentry also states in his declaration
12  that he notified plaintiff-appellant of the motion to withdraw as counsel by sending a letter by
13  email and first class mail to plaintiff-appellant's two principals, Mr. Nichols and Ms. Nichols, on
14  December 5, 2023.  (*Id.* at ¶ 8.)
15      On January 5, 2024, appellees filed a response and limited objection to the pending
16  motion, arguing that this appeal should be dismissed due to plaintiff-appellant's failure to adhere
17  to the briefing schedule and prosecute this action.  (Doc. No. 9.)
18      On January 24, 2024, the bankruptcy court held a hearing on attorney Gentry's motion to
19  withdraw as counsel for debtor and plaintiff Fall Line Tree Service, Inc., during which the
20  bankruptcy judge granted the motion and explained to Mr. Nichols that Fall Line Tree Service,
21  Inc. cannot represent itself in court and it can only proceed with the bankruptcy petition (and the
22  appeal) if it is represented by counsel.  (*See* Doc. Nos. 195–197 in Adversary Proceeding, No. 20-
23  02128; Doc. Nos. 233, 234, 237 in Bankruptcy Action, No. 20-21548.)  The bankruptcy court
24  informed Mr. Nichols that absent representation by counsel, debtor and plaintiff Fall Line Tree
25  Service, Inc.'s bankruptcy proceedings would be subject to dismissal.  (*See* Doc. No. 195 in
26  Adversary Proceeding, No. 20-02128; Doc. No. 233 in Bankruptcy Action, No. 20-21548.)
27  /////
28  /////

**LEGAL STANDARD**

In this district, an attorney's withdrawal is governed by Local Rule 182 and the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct"). In this regard, Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.

L.R. 182(d). Rule 1.16(a) of the California Rules of Professional Conduct provides several grounds upon which an attorney "*shall* withdraw from the representation of a client," including if "the client discharges the lawyer." Cal. R. Prof. Conduct 1.16(a)(4) (emphasis added).[1] However, representation shall not be terminated until the attorney "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

Local Rule 183 further provides that "[a] corporation or other entity may appear only by an attorney." L.R. 183(a). "While individuals may appear *in propria persona*, corporations and other entities may appear only through an attorney; an unrepresented entity cannot file any pleadings, make or oppose any motions, or present any evidence to contest liability. *Caveman Foods, LLC v. Payne's Caveman Foods, LLC*, No. 2:12-cv-01112-WBS-CKD, 2015 WL

---

[1] In contrast, a withdrawal is not mandatory if it is based on the grounds listed in Rule 1.16(b) of the California Rules of Professional Conduct, in which case the decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the trial court. "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities"). Because the court determines that the attorney's withdrawal in this case is mandatory, the court need not address these factors in this order.

6736801, at *2 (E.D. Cal. Nov. 4, 2015) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993)).

## ANALYSIS

Here, attorney Gentry moves to withdraw as counsel of record for plaintiff-appellant Fall Line Tree Service, Inc. ("appellant") because appellant has discharged him as its lawyer. (Doc. No. 7.) In particular, appellant, through its principals Mr. Nichols and Ms. Nichols, sent attorney Gentry a letter dated October 24, 2023 terminating the attorney-client relationship and attorney Gentry's representation of Fall Line Tree Service, Inc. in this appeal as well as the bankruptcy proceedings. (*Id.*) In light of appellant's decision to discharge attorney Gentry as its counsel in this action, attorney Gentry's withdrawal is mandatory under Rule of Professional Conduct 1.16(a)(4). Thus, the pending motion to withdrawal as counsel for appellant will be granted.

In addition, the court notes that appellant's letter terminating attorney Gentry's representation also expressed appellant's decision "to not move forward with the appeal." Thus, it appears that appellant does not intend to proceed with this appeal. Nevertheless, out of an abundance of caution, the court provide appellant with an opportunity to retain new counsel and proceed with this appeal.

Within twenty-one (21) days of the date of this order, appellant shall file either a notice of appearance of its new counsel or a notice of dismissal of this appeal. Appellant is warned that its failure to file a notice of appearance of counsel will result in a dismissal of this action. If appellant retains new counsel by the deadline set herein, then within seven (7) days of the filing of new counsel's notice of appearance, appellant shall file a statement to show cause why this action should not be dismissed due to appellant's failure to adhere to file its opening brief and failure to prosecute this action.

## CONCLUSION

For the reasons set forth above:

1. The motion to withdraw as counsel for plaintiff-appellant Fall Line Tree Service, Inc. (Doc. No. 7) is granted;

/////

5

2. The Clerk of the Court is directed to terminate attorney Galen Micah Gentry as the counsel of record in this action for plaintiff-appellant Fall Line Tree Service, Inc.;

3. Attorney Gentry shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of unearned fees;

4. Withing twenty-one (21) days of the date of this order, appellant shall file either a notice of appearance of its new counsel if it wishes to continue prosecuting this appeal, or a notice of dismissal of this appeal;

5. Appellant is warned that its failure to timely file a notice of appearance of counsel will result in a dismissal of this action;

6. If appellant retains new counsel by the deadline set herein, then within seven (7) days of the filing of new counsel's notice of appearance, appellant shall file a statement to show cause why this action should not be dismissed due to appellant's failure to file its opening brief and failure prosecute this action; and

7. The Clerk of the Court is directed to serve this order on plaintiff-appellant Fall Line Tree Service, Inc. by mail to both of the following addresses:

>Fall Line Tree Service, Inc.
>3542 Lake Tahoe Blvd.
>South Lake Tahoe, California 96150

>Fall Line Tree Service, Inc.
>P.O. Box 19816
>South Lake Tahoe, California 96151

IT IS SO ORDERED.

Dated: **January 30, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

6